UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

v.

**ASHLEY MARCANO**,
Defendant.

NO. 3:25-CR-248

(Judge Saporito)

## **INFORMATION**

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
18 U.S.C. § 1343
(Wire Fraud)

**I.    Background**

At times material to the Information:

1. Defendant ASHLEY MARCANO was a resident of Schuylkill Haven, Pennsylvania, within the Middle District of Pennsylvania.

2. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law. The CARES Act created the Pandemic Unemployment Assistance ("PUA") program,

1

which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4. The PUA program was administered by the various states, including the Commonwealth of Pennsylvania, but its benefits were funded by the federal government. In Pennsylvania, the Pennsylvania Department of Labor and Industry ("PA DLI") administered the PUA program.

5. PA DLI required that a PUA claim be made online via the PUA website, https://pua.benefits.uc.gov. The applicant was required to enter personal identification information, including name, date of birth, social security number, email address, telephone number, and a physical address. An applicant had to answer a series of questions that enabled the PA DLI to determine the applicant's eligibility and payment amount.

6. An applicant was only eligible to receive weekly PUA benefits if the applicant was unemployed for reasons related to the COVID-19 pandemic. The applicant had to certify, under penalty of perjury, that the applicant was able to go to work each day and, if

2

offered a job, the applicant must have been able to accept it. An applicant must have read and understood the PUA Compensation Handbook, which indicated that any earnings must be reported for each week the applicant worked.

7. If PA DLI approved an application for PUA benefits, the benefits recipient received benefits in the form of checks, electronic fund transfers, or debit cards, and the checks and debit cards were mailed via the United States Postal Service to the physical address that appeared on the application.

8. The PUA funds were electronically transferred to reloadable prepaid debit cards, backed by U.S. Bank, headquartered in Minneapolis, Minnesota. PUA beneficiaries could utilize the cards to withdraw cash from automatic teller machines ("ATMs") or by utilizing the cards as debit cards to make purchases.

9. The recipient of PUA benefits received a unique Personal Identification Number ("PIN") to access the PUA portal each week to certify their unemployment status. The benefits recipient had to certify every seven days that he or she: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job

offers or referrals; and had reported any employment during the week and the gross pay or other payments received. The weekly certification was required to be completed in a timely manner. A delay in the weekly certification could result in a delay or denial of further payments.

## II. Statutory Allegation

### A. The Scheme

10. From in or around May 2020, through in or around September 2021, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**ASHLEY MARCANO,**

devised and intended to devise a scheme to defraud the Commonwealth of Pennsylvania and the United States, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### B. Manner and Means

It was part of the scheme that:

11. MARCANO submitted and caused to be submitted multiple applications for PUA benefits to PA DLI over the internet using the name and Social Security number of numerous individuals. In the

applications, MARCANO made materially false representations in connection with these claims, including: the applicant was unemployed because of COVID-19; false employment history or wage history; falsely stating the applicant was ready, willing, and able to work each day; and falsely stating the applicant was actively seeking full-time employment. MARCANO filed multiple applications in exchange for a fee, commonly referred to as a "kickback," from the PUA funds received. After the initial PUA applications were submitted and approved, MARCANO submitted and caused to be submitted weekly certifications, which falsely certified the applicant: was ready, willing and able to work each day; was seeking full time employment; did not refuse any job offers or referrals; and had reported any employment during the week and the gross pay or other payments received.

12. Once the claim was approved, PA DLI authorized US Bank to send the PUA claimant a debit card to the address listed on the fraudulent claim, in which PA DLI could continue to electronically load the benefit funds.

13. Each PUA claim was processed through a series of wire transactions. The PUA claims were submitted through the PUA website

5

for PA DLI, in Harrisburg, Pennsylvania with a host server in Sacramento, California. If approved by PA DLI, the claim was established, and a monetary rate determination was made based on the information in the application. That then triggered a series of wire communications to the Pennsylvania Treasury Department in Harrisburg, Pennsylvania; to the ACH Vendor PNC located in Pittsburgh, Pennsylvania; to the electronic payments network located in New York, New York; to US Bank's server in St. Paul, Minnesota. This final wire to US Bank triggered US Bank to place a debit card in the U.S. mail directly to each applicant at their mailing address.

### C. Execution

14. On or about January 27, 2021, in the Middle District of Pennsylvania, and elsewhere, the defendant,

**ASHLEY MARCANO,**

for the purpose of executing the above-described scheme and artifice to defraud, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds; namely, a PUA application in the name of J.R. falsely certifying

6

J.R. was unemployed because of COVID-19 and unable to start working due to the closure of a business caused by COVID-19.

All in violation of Title 18, United States Code, Section 1343.

Date: September 22, 2025

JOHN C. GURGANUS
Acting United States Attorney

By: /s/ Kyle A. Moreno

KYLE A. MORENO
Assistant United States Attorney