UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. __:25-CR- |
| | : | |
| v. | : | (Judge            ) |
| | : | |
| **ASHLEY MARCANO**, | : | (electronically filed) |
| Defendant. | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, § 1343, Wire fraud. The maximum penalty for that offense is imprisonment for a period

of 20 years, a fine of $250,000, a maximum term of supervised
release of three years, to be determined by the Court, which
shall be served at the conclusion of and in addition to any term
of imprisonment, the costs of prosecution, denial of certain
federal benefits, and an assessment in the amount of $100. At
the time the guilty plea is entered, the defendant shall admit to
the Court that the defendant is, in fact, guilty of the offense(s)
charged in the Information. The defendant agrees that the
United States may, at its sole election, reinstate any dismissed
charges or seek additional charges in the event that any guilty
plea entered or sentence imposed pursuant to this Agreement is
subsequently vacated, set aside, or invalidated by any Court.
The defendant further agrees to waive any defenses to
reinstatement of those charges, or the filing of additional
charges, based upon laches, the assertion of speedy trial rights,
any applicable statute of limitations, or any other ground. The
calculation of time under the Speedy Trial Act for when trial
must commence is tolled as of the date of the defendant's

2

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2. <u>Venue Waiver</u>.  The defendant agrees to knowingly waive the right to challenge venue over the charged offense in the United States District Court for the Middle District of Pennsylvania.

3. <u>Term of Supervised Release</u>.  The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4. <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against

3

the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. **Fines and Assessments**

5. <u>Fine</u>. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to

4

be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7. <u>Inmate Financial Responsibility Program</u>. If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

8. <u>Special Assessment</u>. The defendant understands that the Court will impose a special assessment of $100, pursuant to the provisions of Title 18, United States Code, § 3013. No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment

5

directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

9.  <u>Collection of Financial Obligations</u>.  In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

a.   to fully disclose all assets in which the defendant has an
interest or over which the defendant has control, directly or
indirectly, including those held by a spouse, nominee, or
other third party;

b.   to submit to interviews by the Government regarding the
defendant's financial status;

c.   to submit a complete, accurate, and truthful financial
statement, on the form provided by the Government, to the
United States Attorney's Office no later than 14 days
following entry of the guilty plea;

6

d.   whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the Court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C.  <u>Sentencing Guidelines Calculation</u>

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.

7

The defendant understands that the Sentencing Guidelines are advisory and not binding on the Court. The defendant further agrees that any legal and factual issues relating to the application of the Sentencing Guidelines to the defendant's conduct, including facts to support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. <u>Acceptance of Responsibility– Two/Three Levels</u>. If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The

8

failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend a total offense level of 13 based on the following:

a. **The Base Offense Level is 7 pursuant to U.S.S.G. § 2B1.1(a)(1).**

b. **The loss exceeded $150,000 but was less than $250,000, resulting in a 10-level increase pursuant to § 2B1.1(b)(1)(G).**

c. **No other specific offense characteristics apply.**

d. **No adjustments for the defendant's role in the offense apply.**

The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all

information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

**D.** **Sentencing Recommendation**

13. Sentencing Guidelines Minimum Recommendation.  At the time of sentencing, the United States will recommend that the Court impose the minimum term of imprisonment within the applicable Sentencing Guidelines range.

14. Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

   a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

   b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

10

c.   The defendant pay any fine imposed in accordance with a
schedule to be determined by the Court.

d.   The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without
approval of the Probation Office unless the defendant is in
compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office
and the United States Attorney access to any requested
financial information.

f.   The defendant be confined in a community treatment
center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of
occupations or with certain individuals, if the Government
deems such restrictions to be appropriate.

    j.   The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

    k.   The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

    l.   The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

    m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Victims' Rights and Restitution

15.  <u>Victims' Rights</u>.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    a.   The right to be reasonably protected from the accused;

b.   The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.   The right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in the Court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the victims' comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.   The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those

13

presented by the United States as a consequence of this
Agreement;

f.   The right to full and timely restitution as provided for by
law.  The attorney for the Government is required to "fully
advocate the rights of victims on the issue of restitution
unless such advocacy would unduly prolong or complicate
the sentencing proceeding," and the Court is authorized to
order restitution by the defendant including, but not limited
to, restitution for property loss, economic loss, personal
injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for
the victim's dignity and privacy.

16.  <u>Restitution</u>.  The defendant acknowledges that, pursuant to the
Mandatory Restitution Act of April 24, 1996, Title 18, United
States Code, § 3663A, the Court is required in all instances to
order full restitution to all victims for the losses those victims
have suffered as a result of the defendant's conduct.  The

14

defendant also agrees that the Government will seek and the Court may impose an order of restitution as to victims of the defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the Court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the Court, the defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the

15

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

election, elect to pursue civil or criminal forfeiture in the

amount of the victim restitution owed in this case, and the

Court may enter both a restitution order and a forfeiture

judgment in the amount of any unpaid restitution found by the

Court to be due and owing at the time of sentencing in this

matter.  The defendant consents to the filing of any civil

complaint or superseding information which may be necessary

16

to perfect a forfeiture order and further stipulates and agrees
that the defendant's guilty plea constitutes an admission to all
matters legally and factually necessary for entry of a forfeiture
order in this case. The parties agree that the Government will
recommend, but cannot guarantee, that any assets recovered
through forfeiture proceedings be remitted to crime victims to
reduce the defendant's restitution obligation in this case. The
defendant acknowledges that the making of any payments does
not preclude the Government from using other assets or income
of the defendant to satisfy the restitution obligation. The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

17. <u>Full Restitution</u>. The defendant agrees to make full restitution
in the amount of **approximately $189,330.00**, in accordance with
a schedule to be determined by the Court. The defendant also

agrees that full restitution shall be a condition of any probation or term of supervised release that the defendant receives.

F.  **Information Provided to Court and Probation Office**

18.  <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

19.  <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the

18

United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

20. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct,

19

including the conduct that is the subject of the charges that the
United States has agreed to dismiss, and the nature and extent
of the defendant's cooperation, if any.  The United States will be
entitled to bring to the Court's attention and the Court will be
entitled to consider any failure by the defendant to fulfill any
obligation under this Agreement.

21. <u>Non-Limitation on Government's Response</u>.  Nothing in this
Agreement shall restrict or limit the nature or content of the
United States' motions or responses to any motions filed on
behalf of the defendant.  Nor does this Agreement in any way
restrict the Government in responding to any request by the
Court for briefing, argument or presentation of evidence
regarding the application of Sentencing Guidelines to the
defendant's conduct, including but not limited to, requests for
information concerning possible sentencing departures.

## G.  **Court Not Bound by Plea Agreement**

22. <u>Court Not Bound by Terms</u>.  The defendant understands that
the Court is not a party to and is not bound by this Agreement,

or by any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

23. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## H. **Breach of Plea Agreement by Defendant**

24. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligation under this

Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

25. <u>Remedies for Breach</u>. The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

a. The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

22

b.  The United States will be free to make any recommendations to the Court regarding sentencing in this case;

c.  Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

26. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The

23

defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

24

## I.  Deportation

27. Deportation/Removal from the United States.  The defendant
    understands that, if defendant is not a United States citizen,
    deportation/removal from the United States is a consequence of
    this plea.  The defendant further agrees that this matter has
    been discussed with counsel who has explained the immigration
    consequences of this plea.  The defendant still desires to enter
    into this plea after having been so advised.

## J.  Appeal Waiver

28. Appeal Waiver – Direct.  The defendant is aware that Title 28,
    United States Code, § 1291 affords a defendant the right to
    appeal a judgment of conviction and sentence; and that Title 18,
    United States Code, § 3742(a) affords a defendant the right to
    appeal the sentence imposed.  Acknowledging all of this, the
    defendant knowingly waives the right to appeal the conviction
    and sentence.  This waiver includes any and all possible
    grounds for appeal, whether constitutional or non-
    constitutional, including, but not limited to, the manner in

which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

29. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal ~~or any collateral attack~~ waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal ~~or collateral attack rais~~ing an issue the Government deems barred by the waiver.  The parties acknowledge that the pursuit of an appeal ~~or any collateral attack~~ constitutes a breach only if a court determines that the appeal ~~or collateral attack~~ does not present an issue that a judge may reasonably conclude is permitted by

26

an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## K. Other Provisions

30. Agreement Not Binding on Other Agencies. Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

31. No Civil Claims or Suits. The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledges that the

27

Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

32. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in

28

connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

34. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this Agreement in detail with the defendant's attorney, who has advised the defendant of the defendant's Constitutional and other trial and appellate rights, the nature of the charges, the elements of the offenses the United States would have to prove at trial, the evidence the United States would present at such trial, possible defenses, the advisory Sentencing Guidelines and other aspects of sentencing, potential losses of civil rights and privileges, and other potential consequences of pleading guilty in this case. The defendant agrees that the defendant is satisfied with the legal services and advice provided to the defendant by the defendant's attorney.

29

35. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before **5:00 p.m., September 10, 2025**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

36. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

9/9/25

_____
Date

_____
ASHLEY MARCANO
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/12/2025

_____
Date

_____
ELLIOT A. SMITH, ESQ.
Counsel for Defendant

JOHN C. GURGANUS
Acting United States Attorney

9/22/25

_____
Date

By: _____

KYLE A. MORENO
Assistant United States Attorney

2021R00630/KAM/August 21, 2025

31